STATE of Tennessee, Appellee,

v.

**Kenneth Alan McKEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 11, 1990.

Mack Garner, Maryville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, William Reedy, Asst. Dist. Atty. Gen., Athens, for State of Tenn.

## OPINION

WADE, Judge.

The defendant, Kenneth McKee, convicted of driving under the influence (second offense), was sentenced to 11 months and 29 days in jail, all but 45 days of which were suspended, and fined $500.00.

In this appeal, the defendant claims that the 45–day jail sentence violates state and federal constitutional prohibitions against cruel and unusual punishment. We disagree.

At the sentencing hearing, the defendant contended that he was claustrophobic. At age 22, the defendant receives social security disability benefits. For the last two

years, he has received prescription medication for anxiety, depression, and high blood pressure. The defendant was medically discharged from the National Guard for ulcers and other health problems.

At the sentencing hearing, the defendant testified that when confronted with closed spaces or a strange environment, he has panic attacks which result in bleeding ulcers and dangerously high blood pressure. After his arrest and initial incarceration on this charge, the defendant stated that he had suffered a nervous breakdown, requiring a two-day hospitalization. He has received monthly counselling from mental health services in Blount County for approximately two years. His actual diagnosis is agoraphobia (a fear of open spaces) with panic disorders. He states that he is only comfortable when in a home environment and is afraid of closed spaces.

The state presented no proof. A report from the defendant's psychological counsellor was stipulated but not made a part of the record.

In *Cozzolino v. State*, 584 S.W.2d 765, 767 (Tenn.1979), our Supreme Court held that the provision in the state constitution against cruel and unusual punishment places "no greater restriction" on punishment than that permitted by the corresponding provision of the federal constitution. *See* U.S. Constitution, eighth amendment; Tennessee Constitution, Art. 1, § 16. Here, the defendant concedes that the 45–day jail sentence required by Tenn.Code Ann. § 55–10–403(a)(1) is not, on its face, cruel and unusual punishment; instead, he claims that it is unconstitutional only as it applies to his particular condition.

In *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), the Supreme Court held that the eighth amendment places the following limitations on statutory punishment:

> First, it limits the kinds of punishment that can be imposed on those convicted of crimes (citation omitted); second, it proscribes punishment grossly disproportionate to the severity of the crime (citation omitted); and third, it imposes substantive limits on what can be made criminal and punished as such (citation omitted).

430 U.S. at 667, 97 S.Ct. at 1410.

We do not think that this punishment falls into any of three categories. If the defendant's condition is such that he requires medical treatment after incarceration, he has a remedy. *See United States v. Kidder*, 869 F.2d 1328, 1330–1331 (9th Cir.1989). Further, the state concedes that any indifference to the defendant's medical needs during the period of his incarceration may constitute a violation of the prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). That would depend upon future developments.

This court must assume that the defendant will receive constitutionally adequate treatment during his time in jail. *See State v. Guiendon*, 113 N.J.Super. 361, 273 A.2d 790 (1971). The judgment is affirmed.

BIRCH and TIPTON, JJ., concur.